IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

---

JONATHAN KRAKAUER, Individually

Plaintiff,

v.

MARIAH MEDIA NETWORK LLC, a New Mexico limited liability company,

Defendant.

---

## COMPLAINT

---

Plaintiff Jonathan Krakauer for his Complaint against Defendant Mariah Media Network LLC (MMN), states as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement arising under 17 U.S.C. §§ 501, *et seq.* and common law.

2.      Mr. Krakauer is the author of the works listed on Exhibit A, and the sole owner of the copyright on such works.

3.      MMN has violated Mr. Krakauer's exclusive right to reproduce one of more of the copyrighted works listed on Exhibit A.

## PARTIES

4.      Mr. Krakauer is a resident of Colorado.

5.      Mariah Media Network LLC is a New Mexico limited liability company with its

principal place of business in Santa Fe County, New Mexico.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      The exercise of *in personam* jurisdiction over MMN comports with the laws of the State of Colorado and the constitutional requirements of due process because MMN and/or its agents transact business and/or offer to transact business within Colorado.  Specifically, MMN, doing business through *Outside Magazine* and an e-commerce website located at https://www.outsideonline.com/, advertises, offers for sale, and sells subscriptions to *Outside Magazine* as well as other products, throughout the United States, including within the State of Colorado.  MMN also, as alleged below, doing business through an e-commerce website located at https://www.outsideonline.com/, has distributed article entitled "Into Thin Air" throughout the United States, including within the State of Colorado.  This Court also has personal jurisdiction over MMN because MMN upon information and belief has committed acts in Colorado causing injury to Mr. Krakauer in Colorado. For example, as alleged below, MMN has, without authorization, published an article entitled "Into Thin Air," which has caused injury to Mr. Krakauer in Colorado.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because MMN resides in this District.

## FIRST CLAIM FOR RELIEF
### Damages for Copyright Infringement – 17 U.S.C. §501, *et seq*

9.      Mr. Krakauer is a professional author who has written numerous successful books and magazine articles, and derives a significant portion of his income from such works.

10.      MMN is owner and publisher of a publically available Internet website known as

"Outside Online," found at https://www.outsideonline.com/.

11.     MMN uses Outside Online to obtain revenue through various means including, but not limited to:

   a.     selling subscriptions to *Outside Magazine*;

   b.     advertising products and services marketed and sold directly by MMN or its subsidiaries and affiliates;

   c.     selling advertising to third-party vendors to advertise products and services to visitors to the website; and

   d.     advertising other media owned and/or produced by MMN, which in turn obtains revenue form the sources described in subparagraphs a-c, above.

12.     Among the magazine articles written by Mr. Krakauer is one entitled "Into Thin Air," published in September 1996.

13.     Mr. Krakauer is the owner of the copyright to the article entitled "Into Thin Air."

14.     Beginning on or about September 2015, MMN reproduced and published "Into Thin Air" on Outside Online.

15.     MMN's publication of "Into Thin Air" on Outside Online violated Mr. Krakauer's exclusive right to reproduce that copyrighted work.

16.     Subsequent to MMN's reproduction and publication of "Into Thin Air" on Outside Online, the work was viewed on multiple occasions by members of the public.

17.     Pursuant to 17 U.S.C. §504, Mr. Krakauer is entitled to recover all of MMN's profits that are attributable to the infringement of the work "Into Thin Air."

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment Concerning Copyrighted Works

18.     Mr. Krakauer reincorporates and realleges each and every allegation contained in paragraphs 9 through 16 of his First Claim for Relief.

19.     Mr. Krakauer is the author of the works listed on Exhibit A, and the sole owner of the copyrights on such works.

20.     As evidenced by MMN's publication of "Into Thin Air" on Outside Online, it intends to reproduce and publish the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

21.     Despite demand, MMN has refused to acknowledge that it has no license or other right to reproduce and publish the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

22.     Any reproduction or publication by MMN of the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms would be a violation of Mr. Krakauer's exclusive right to reproduce those copyrighted works.

23.     An actual dispute exists between Mr. Krakauer and MMN concerning MMN's right to reproduce the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

24.     Mr. Krakauer is entitled to a declaratory judgment that MMN has no right to reproduce or publish the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

## THIRD CLAIM FOR RELIEF
### Injunction to Prevent Copyright Infringement – 17 U.S.C. §501, *et seq*

25.      Mr. Krakauer reincorporates and realleges each and every allegation contained in paragraphs 18 through 22 of his Second Claim for Relief.

26.      Unless the injunction is issued, Mr. Krakauer will suffer irreparable harm as a result of the violation of his copyrights by MMN's publication of the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

27.      MMN will suffer no legitimate harm by being restrained from publishing the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms.

28.       The harm suffered by Mr. Krakauer publication of the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms outweighs any harm that the injunction may cause MMN.

29.      An injunction restraining MMN from publishing the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms will not adversely affect the public interest.

30.      Pursuant to 17 U.S.C. §502, Mr. Krakauer is entitled to a permanent injunction against MMN to prevent and restrain MMN, and all other persons who are in active concert or participation with MMN and receive actual notice of the injunction, from reproducing or publishing the works listed on Exhibit A on Outside Online or other Internet, electronic or digital platforms.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Krakauer requests entry of judgment in his favor and against MMN as follows:

A.      A declaratory judgment that MMN has infringed Mr. Krakauer's copyright for the article entitled "Into Thin Air";

B.      Judgment in favor of Mr. Krakauer against MMN for all of MMN's profits that are attributable to the infringement of the work "Into Thin Air";

C.      A declaratory judgment that MMN has no right to reproduce or publish the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms;

D.      A permanent injunction against MMN; its officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with MMN, enjoining them from using, or participating with, encouraging or assisting others in reproducing or publishing the works listed on Exhibit A on Outside Online and other Internet, electronic and digital platforms without Mr. Krakauer's consent;

E.      Entering judgment on Mr. Krakauer's damages for pre- and post-judgment interest as provided by law;

F.      Awarding Mr. Krakauer his costs, including reasonable attorney's fees pursuant to 17 U.S.C. §505; and

G.      Awarding Mr. Krakauer such other relief as this Court deems just and equitable.

Dated:  November 30, 2017.

Respectfully submitted,

HUTCHINSON BLACK AND COOK, LLC

By: _/s William D. Meyer_
       William D. Meyer

By: _/s Colleen M. Koch_
       Colleen M. Koch
       921 Walnut Street, Suite 200
       Boulder, CO  80302
       Phone:  (303) 442-6514
       Fax: (303) 442-6593
       meyer@hbcboulder.com
       koch@hbcboulder.com

_Attorneys for Jonathan Krakauer_